The document below is hereby signed.

Signed: December 30, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge


UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
MICHAEL JOSEPH SINDRAM,        )    Case No. 08-00559
                               )    (Chapter 7)
              Debtor.          )
_____  )
                               )
MICHAEL JOSEPH SINDRAM,        )
                               )
              Plaintiff,       )
                               )
         v.                    )    Adversary Proceeding No.
                               )    09-10036
SUPERIOR COURT DISTRICT OF     )
COLUMBIA,                      )    **Not for Publication in**
                               )    **West's Bankruptcy Reporter**
              Defendant.       )

<u>MEMORANDUM DECISION AND ORDER</u>

The debtor Sindram's complaint in this adversary proceeding

against the Superior Court of the District of Columbia attacks an

order of April 28, 1992, entered by that court.  It raises many

of the same issues as were addressed by motions that Sindram

previously filed in the main bankruptcy case, Case No. 08-00559.

I remain convinced that the Superior Court has not violated the

Bankruptcy Code by enforcing the April 28, 1992 order's

injunction against Sindram's proceeding *pro se* unless and until

he paid a $3,000.00 penalty payable to the Superior Court.

Accordingly, I will direct the clerk not to issue a summons in

this adversary proceeding and will dismiss the adversary

proceeding unless Sindram can show cause why the adversary

proceeding ought not be dismissed based on the analysis set forth

in this decision.

I

Sindram filed a motion in the main case entitled Motion to

Appoint Counsel in Core Adversary Proceeding Against Superior

Court District of Columbia for Having Violated Bankruptcy Code

(Dkt. No. 203), and supplemented it by a Supplemental Motion to

Appoint Counsel (Dkt. No. 210).  In a Memorandum Decision and

Order dated August 5, 2009 (assigned Dkt. Nos. 223 and 224), I

denied that motion, as supplemented, stating:

I
The Superior Court order of April 28, 1992, long
preceding Sindram's bankruptcy case, directed Sindram
to pay to the Clerk of the Superior Court $3,000.00 as
a fine under Rule 11 of the Superior Court's Rules (the
analog of Fed. R. Civ. P. 11).  The order further
enjoined Sindram from filing any new cases against
anybody in the Superior Court in a *pro se* capacity
until he paid the fine.  Finally, the order prohibited
Sindram, even if he paid the $3,000.00 fine, from
proceeding *in forma pauperis* in any of his future or
present cases "unless he has already been granted leave
to proceed *in forma pauperis* in that case," and
directed that unless the court granted Sindram leave to
proceed *in forma pauperis* with respect to the filing of

2

a paper, the Clerk of the Superior Court was not to accept the paper for filing if Sindram had not paid the required filing fees relating to the paper.

II

Sindram contends that the obligation to pay the $3,000.00 fine has been discharged by his discharge in this bankruptcy case.  He first raised that contention in a motion filed in the Superior Court, and in the course of the proceedings on that motion, placed reliance on *In re Corbly*, 149 B.R. 125 (Bankr. D.S.D. 1992), which erroneously held that § 523(a)(7)(B) applies to all penalties and fines, not just to tax penalties, in support of his contention. The Superior Court rejected that contention on June 1, 2009, in a careful and well-reasoned decision. Sindram wants to have a second bite at the apple by litigating the issue in this court, and seeks the appointment of counsel to assist him in that endeavor.  The appointment of counsel is within the discretion of the court. Counsel will not be appointed when it appears that the proposed litigation is plainly meritless. Even if the Superior Court's decision were not a bar against relitigation of the issue in this court, I agree fully with the decision of the Superior Court.  Accordingly, I will not appoint counsel to represent Sindram with respect to the proposed litigation to challenge the conduct of the Superior Court.

Sindram then filed a motion for clarification and modification

(Dkt. No. 227).  On August 20, 2009, I issued a Memorandum

Decision and Order (Dkt. No. 232), denying that motion, and

stating:

Sindram continues to view *In re Corbly*, 149 B.R. 125 (Bankr. D.S.D. 1992), as correctly holding that § 523(a)(7)(B) applies to all penalties and fines, not just to tax penalties, but that holding was erroneous, has been rejected by other courts, has not been followed by any other court, and is not binding on this court.

Sindram asks for injunctive relief against the Superior Court, contending that because he is indigent, the Superior Court ought to allow him to litigate without payment of fees and ought not require him to pay the $3,000 fine or hire counsel before he is

3

entitled to file any new action in the Superior Court.
But injunctive relief must be sought in an adversary
proceeding, and, in any event, nothing in the
Bankruptcy Code bars the Superior Court's enforcement
of its order of April 28, 1992.  A bankruptcy court is
not empowered to relieve a debtor from all hardships
arising from being indigent.

## II

The complaint in this adversary proceeding attempts to

challenge the Superior Court's enforcement of its April 28, 1992

order imposing a $3,000.00 penalty against Sindram and enjoining

him from proceeding *pro se* unless and until he paid that penalty.

He points first to *Michael Sindram v. Jamison Condominium*

*Association*, Civil Action No. 2008 CA 006673B in the Superior

Court.  He was allowed to proceed *in forma pauperis* in that

proceeding, but the Superior Court nevertheless later dismissed

the action based on his failure to pay the $3,000.00 penalty

imposed by the April 28, 1992 order of the Superior Court (which

as noted above, enjoined Sindram from filing any new cases

against anybody in the Superior Court in a *pro se* capacity until

he paid the fine).  Specifically, he alleges:

> 3. During pendent Automatic Stay in
> above-captioned Bankruptcy Proceeding subsequent
> "order" by respondent newly appointed associate judge
> Anita Josey Herring made demand for payment of Three
> Thousand Dollars ($3,000.00) and further dismissed 2008
> CA 006673B **Michael Sindram v. Jamison Condominium**
> **Association**. Draconian "payment order" for $3,000.00
> was imposed in 1992 in an unrelated civil action by
> respondent without advance notice, due process, or
> fundamental fairness given Disabled
> Veteran/Debtor/Movant to address or collaterally

4

challenge this substantial overreaching 1992 draconian
"payment order" for $3,000.00 of respondent.  Disabled
Veteran/Debtor/Movant was not permitted to appeal
either draconian 1992 "payment order" for $3,000.00 or
instant dismissal of 2008 CA 006673B to hold void of
legal force or effect law of this case granting "Motion
to Proceed *In Forma Pauperis*."  Under colour of law
afore-referenced draconian 1992 "payment order" for
$3,000.00 should now be dissolved given lapse of
seventeen (17) years by operation of law.

These allegations fail to state a claim upon which relief can be

granted.

First, nothing in the Bankruptcy Code barred the Superior

Court's refusing to permit Sindram to proceed *pro se* unless, as

directed by the April 28, 1992 order, he paid the $3,000.00

penalty.

Second, the challenges to the April 28, 1992 order:

- as void for lack of due process,

- as "draconian,"

- as unenforceable in Civil Action No. 2008 CA 006673B
  once permission to proceed *in forma pauperis* had
  already been granted in Civil Action No. 2008 CA
  006673B, and

- as subject to "be dissolved given lapse of seventeen
  (17) years by operation of law"

are challenges that Sindram could have raised in the District of

Columbia court system, and that do not go to the issue of whether

the automatic stay was violated or the $3,000.00 debt is

dischargeable.

Third, the refusal to permit Sindram to appeal the dismissal

of Civil Action No. 2008 CA 006673B is not a basis for relief

under the Bankruptcy Code.  It may be inferred that the refusal
was because Sindram failed to pay the applicable appeal fee, and
because the Superior Court deemed it inappropriate to permit
Sindram to appeal *in forma pauperis*.  That refusal is reviewable
within the District of Columbia court system, and not an issue of
bankruptcy law.  Nothing in the Bankruptcy Code barred the
Superior Court's refusing to permit Sindram to appeal *in forma
pauperis*.  As noted above, "[a] bankruptcy court is not empowered
to relieve a debtor from all hardships arising from being
indigent."

III

Sindram points to two other civil actions in the Superior
Court in which his claims were dismissed based on the April 28,
1992 order, and raises similar contentions as he did with respect
to the Superior Court's handling of Civil Action no. 2008 CA

006673B.[1]  For the same reasons as discussed above with respect
to Civil Action No. 2008 CA 006673B, the complaint's allegations
fail to state a claim upon which relief can be granted with
respect to these acts.


                              IV

     Sindram requests a determination that the $3,000.00 penalty
was dischargeable.  For reasons discussed in this court's prior
Memorandum Decisions in the main case (quoted in part I, above),
and in the Superior Court's decision of June 1, 2009 (copy
attached), the $3,000.00 penalty is clearly nondischargeable.  I
need not decide whether this court would be barred by the
Superior Court's prior ruling of nondischargeability from ruling
differently as I completely agree with the Superior Court's
analysis of the issue.

_____

     [1]  In *Lawrence Q. Ashley v. Michael Sindram*, identified by
Sindram as No. 08 CA 7825 in the Superior Court, the court
enforced the April 28, 1992 order and "dismissed [Sindram's]
'Third Party Complaint' and nullified 'Writ of Attachment on a
Judgment' for $1,500.00 given [Sindram] for destruction of
[Sindram's] property caused by Lawrence Q. Ashley. Sindram
alleges that he was not permitted to appeal the April 28, 1992
order of the the dismissal order, and contends that an earlier
order permitting him to proceed *in forma pauperis*, as a matter of
law of the case, barred the dismissal.

     In *Maryann Czarnecki v. Michael Sindram*, Civil Action No.
2008 CA 005328B in the Superior Court, the court enforced the
April 28, 1992 order and "dismissed [Sindram's] 'Counterclaim'
and 'Jury Demand.'" Sindram appears to contend that an earlier
order permitting him to proceed *in forma pauperis*, as law of the
case, barred the dismissal.

                              7

V

In accordance with the foregoing, it is

ORDERED that the clerk shall not issue a summons in this adversary proceeding, and that the court will dismiss this adversary proceeding unless the plaintiff, Michael Joseph Sindram, files a memorandum by January 15, 2010, showing cause why this adversary proceeding ought not be dismissed based on the analysis set forth in this decision.

[Signed and dated above.]

Copies to:

Debtor; Chapter 7 trustee; Office of the United States Trustee;

Hon. Ronna L. Beck
Superior Court for the District of Columbia
500 Indiana Avenue, N.W.
Washington, D.C. 20001

Hon. Stephanie Duncan-Peters
Superior Court for the District of Columbia
500 Indiana Avenue, N.W.
Washington, D.C. 20001

Hon. Anita Josey Herring
Superior Court for the District of Columbia
500 Indiana Avenue, N.W.
Washington, D.C. 20001

Hon. Neal E. Kravitz
Superior Court for the District of Columbia
500 Indiana Avenue, N.W.
Washington, D.C. 20001

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **MICHAEL SINDRAM,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **2003 CA 9551**[1] |
| | * | **Judge Duncan-Peters** |
| **MARGO THORNE, et al.,** | * | |
| | * | |
| **Defendants.** | * | |

**AMENDED ORDER FINDING PLAINTIFF'S DEBT TO BE
NONDISCHARGEABLE AND, CONSEQUENTLY, DENYING PLAINTIFF'S
MOTION FOR COMPLIANCE WITH DISCHARGE OF DEBTOR**

This matter comes before the Court upon Plaintiff's Motion for Compliance

with Discharge of Debtor.  In that Motion, Plaintiff seeks the discharge of a

$3,000 sanction owed by him to the District of Columbia Superior Court.

**BACKGROUND**

On April 28, 1992, the Honorable John H. Suda[2] dismissed a separate

case brought by Plaintiff in an Order that stated in relevant part:

> [it is] FURTHER ORDERED that Mr. Sindram
> pay a sanction of $3,000.00 to the Clerk of the Court;
> and it is
> FURTHER ORDERED that Mr. Sindram is
> hereby enjoined from filing any new cases against
> anybody in the District of Columbia Superior Court in
> a pro se capacity until he pays the Rule 11 fine just
> imposed, and this Court has been provided with
> satisfactory proof by the Clerk of the Court of this
> payment, and this Court issues a further order stating
> that this condition has been satisfied.  The Clerk of
> the Court and all of his subordinates are ordered to
> reject any new cases which Mr. Sindram seeks to file

---

[1] See page 3, *infra*, for a history of this case, which the undersigned judge has inherited in her
capacity as Presiding Judge of the Civil Division.
[2] Judge Suda is now retired.

in a pro se capacity until this Court has issued a subsequent order stating that the sanction has been paid in full; and it is

FURTHER ORDERED that Mr. Sindram is hereby prohibited from proceeding in form pauperis [sic] in any of his future cases, and he is prohibited from proceeding in forma pauperis in any of his present cases unless he has already been granted leave to proceed in forma pauperis in that case. Further, the Clerk of the Court, and all of his subordinates, are ordered to reject for filing by Mr. Sindram pleadings and motions in which he has not already been granted leave to proceed in forma pauperis, unless they are accompanied by the appropriate filing fees. The orders in this paragraph will continue even after Mr. Sindram has paid the $3,000.00 sanction to the Clerk of the Court. The Clerk of the Court is to notify all of the appropriate subordinate clerks of this order.

*Sindram v. King*, No. 91-26258 at 28, 29 (D.C. Super. Ct. Sm. Cl. April 28, 1992) (the "April 1992 Order").

Plaintiff has not paid -- nor does he claim to have paid -- the $3,000 sanction. Since the April 1992 Order, however, Plaintiff has filed numerous *pro se* complaints and motions. Where the Clerk of the Court has not rejected these filings, the Court has denied Plaintiff's motions or dismissed Plaintiff's cases. *See, e.g., Borger Mgmt. v. Sindram*, case no. 01-6276B (D.C. Super. Ct. March 17, 2004). In those cases where judges of the Superior Court inadvertently granted Plaintiff's *pro se* motions to proceed *in forma pauperis*, they later vacated those orders. *See, e.g., Sindram v. Columbia Union College*, No. 01-8381B (D.C. Super. Ct. Nov. 29, 2001); *see also Sindram v. Scott*, No. 06-6937B (D.C. Super. Ct. Sept. 13, 2006); *Sindram v. Jamison Condominium Assoc.*, No. 08-6673B (D.C. Super. Ct. Feb. 9, 2009). The Court has made it clear that Plaintiff

must pay the $3,000 sanction in compliance with the April 1992 Order before proceeding *pro se* in any cases filed after April 28, 1992.  *See Borger Mgmt.* No. 01-6276B, at 3.

In this case, on December 1, 2003, Plaintiff filed a complaint for a temporary restraining order and a motion to proceed *in forma pauperis*.  That same day, the Court (the Honorable Bruce D. Beaudin, presiding) granted the motion to proceed *in forma pauperis*.  On December 11, 2003, the Court (the Honorable Steffen W. Graae,[3] presiding) *sua sponte* vacated the order allowing Plaintiff to proceed *in forma pauperis* and dismissed the case.  On December 30, 2003, Plaintiff filed a motion for clarification of Judge Graae's order.   Judge Graae, in an order dated February 10, 2004, explained that Plaintiff had not complied with the April 1992 Order.   *See* Order docketed February 10, 2004.  Plaintiff filed a Notice of Appeal on February 25, 2004, which was dismissed by the Court of Appeals on August 25, 2004.  On February 13, 2009, Plaintiff filed a Motion for Compliance with Discharge of Debtor seeking a discharge of the $3,000 sanction.

## ANALYSIS

Plaintiff argues that the $3,000 sanction is discharged because he was granted a discharge of his debts by the United States Bankruptcy Court for the District of Columbia.   (Pl.'s Mot. 1, 3.)   Plaintiff has attached proof that on January 23, 2009, the United States Bankruptcy Court for the District of Columbia (the Honorable S. Martin Teel, Jr., presiding) granted him "a discharge under section 727 of title 11 of the United States Code . . ." (Pl.'s Mot. 3.)

---

[3] At that time, Judge Graae (who is now deceased) was the Presiding Judge of the Civil Division.

Plaintiff further argues that the "[l]aw of the case" is an order by the Honorable Bruce N. Mencher in *Sindram v. Jamison Condominium Assoc.*, No. 08-6673B (D.C. Super. Ct. Sept. 23, 2008) in which Judge Mencher stayed Plaintiff's motion to proceed *in forma pauperis* "pending resolution of U.S. Bankruptcy No. 08-00559 in the U.S. Bankruptcy Court for the [District of Columbia]. . ." (Pl.'s Mot. 2.)

Section 523 (a)(7) of Title 11 of the United States Code provides:

> A discharge under section 727 [of title 11 of the United States Code]. . .does not discharge an individual from any debt . . . to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss. . .

11 U.S.C. § 523 (a)(7) (2009).  Whether Plaintiff is discharged from the $3,000 sanction, therefore, depends on whether the sanction is a "fine, penalty, or forfeiture" that is "payable to and for the benefit of a governmental unit" and "is not compensation for actual pecuniary loss."  *See id.*  Before the Court can determine whether Plaintiff's $3,000 sanction is discharged, however, the Court must first establish that it has jurisdiction.

I.    Jurisdiction

Section 1334 (b) of Title 28 of the United States Code provides that unless an exception applies, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334 (b) (2009). State courts, therefore, have concurrent jurisdiction of all civil proceedings arising under Title 11 of the United States Code unless an exception applies.  *See* 28 U.S.C. § 1334 (a)-(b).

4

"The general rule is that state and federal courts have concurrent jurisdiction over nondischargeability actions." *Fidelity Nat'l Title Ins. Co. v. Franklin (In re Franklin)*, 179 B.R. 913, 920 (Bankr. E.D. Cal. 1995). While 11 U.S.C. § 523 (c)(1) may preclude concurrent jurisdiction with regard to 11 U.S.C. § 523 (a)(2), (4), or (6),[4] state courts clearly have jurisdiction to determine whether a debt is dischargeable under 11 U.S.C § 523 (a)(7). Accordingly, the Court has jurisdiction to determine whether Plaintiff's debt is nondischargeable under 11 U.S.C. § 523 (a)(7). *See* 28 U.S.C. § 1334 (b); *In re Moncur*, *supra*, 328 B.R. at 189.

II.   <u>Dischargeability Under Section 523 (a)(7)</u>.

For 11 U.S.C. § 523 (a)(7) to render a debt nondischargeable, that debt must be a "penalty, fine, or forfeiture" that is "payable to and for the benefit of a governmental unit" and it must not be "compensation for actual pecuniary loss." 11 U.S.C. § 523 (a)(7); *see Kelly v. Robinson*, 479 U.S. 36, 51 (1986).

A.   Fine, Penalty, or Forfeiture

Section 523 of Title 11 of the United States Code "creates a broad exception for all penal sanctions, whether they be denominated fines, penalties,

---

[4] Some courts have held that 11 U.S.C. § 523 (c)(1) denies state courts concurrent jurisdiction to determine the dischargeability of debt under certain subsections of 11 U.S.C. § 523 (a). *See id.* at 920. 11 U.S.C. § 523 (c)(1) provides that, with regard to debts described in 11 U.S.C. § 523 (a)(2), (4) or (6), "the court determines [whether] such debt [is] excepted from discharge. . ." 11 U.S.C.S § 523 (c)(1) (2009). Legislative history suggests that "the court" in 11 U.S.C. § 523 (c)(1) means bankruptcy court exclusively. *See Moncur v. Agricredit Acceptance Co. (In re Moncur)*, 328 B.R. 183, 189 (Bankr. 9th Cir. 2005). Some courts have thus held that "bankruptcy courts possess exclusive jurisdiction to adjudicate some dischargeability issues (*i.e.*, those raised by subsections (a)(2), (4), and (6) [of 11 U.S.C. § 523]), and concurrent jurisdiction with nonbankruptcy courts to decide other nondischargeability matters. . ." *In re Borbridge*, 81 B.R. 332, 334 (Bankr. E.D. Pa. 1988); *See also In re Franklin*, 179 B.R. 913, 920-21 (holding that "despite vague draftsmanship," 11 U.S.C. § 523 (c)(1) confers exclusive jurisdiction over determinations of dischargeability under 11 U.S.C. § 523 (a)(2), (4) and (6) but leaves concurrent jurisdiction with state court under all other paragraphs of 11 U.S.C. § 523 (a)).

or forfeitures" including "traditional fines." *Kelly*, *supra*, 479 U.S. at 51. Black's Law Dictionary defines a sanction as a "[p]enalty or coercive measure that results from failure to comply with a rule, law or order." Black's Law Dictionary, 8th Ed. (2004). The Superior Court sanctioned Plaintiff pursuant to Super. Ct. Civ. R. 11 for his "repeated violations" of that Rule. *King*, *supra*, No. 91-26258 at 25. The April 1992 Order requires Plaintiff to pay $3,000 and refers to it as a "Rule 11 fine." *Id.* at 28. Plainly, the monetary sanction against Plaintiff is a "fine, penalty, or forfeiture" within the meaning of 11 U.S.C. § 523 (a)(7).

B.      Payable to and for the Benefit of a Governmental Unit

The Supreme Court has stated that "[i]t seems likely that the limitation of 11 U.S.C. § 523 (a)(7) to fines assessed 'for the benefit of a governmental unit' was intended to prevent application of that subsection to wholly private penalties such as punitive damages." *Kelly*, *supra*, 479 U.S. at 51, n. 13. Here, the $3,000 sanction is owed to a governmental unit for Plaintiff's abuse of Court procedure. The Court, established by Congress in 1970,[5] is a governmental unit within the meaning of 11 U.S.C. § 523 (a)(7). *See* 11 U.S.C. § 101 (27) (2009).[6] The Court's Order requires Plaintiff to "pay a sanction of $3,000.00 to the Clerk of the Court." *King*, *supra*, No. 91-26258 at 28. Accordingly, the $3,000 sanction is "to and for the benefit of a governmental unit."[7]

---

[5]   District of Columbia Court Reorganization Act of 1970, P.L. 91-358.
[6]   11 U.S.C. 101 (27) states in full: "The term 'governmental unit' means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government." The Court, established by Congress, is an instrumentality of the United States.
[7]   Monies received by the Court are deposited in the Treasury of the United States or in the Crime Victims Fund. *See* D.C. Code § 1-204.50 (2001). Regardless of whether any part of the $3,000

C.      Compensation for Actual Pecuniary Loss

Finally, the debt must not be "compensation for actual pecuniary loss."  11

U.S.C. § 523 (a)(7).  In *Kelly v. Robinson*, the Supreme Court held that whether a

fine subject to 11 U.S.C. § 523 (a)(7) was penal or compensatory depended on

the state's goals in imposing the fine and the circumstances under which it was

imposed.  479 U.S. at 52.  Where a fine arises out of "the State's interests in

rehabilitation and punishment," such a fine is penal and, therefore,

nondischargeable under 11 U.S.C. § 523 (a)(7).  *Id.*  Accordingly, whether the

$3,000 sanction against Plaintiff is compensation for actual pecuniary loss within

the meaning of 11 U.S.C. § 523 (a)(7) depends on the Court's goals in imposing

the sanction and the circumstances under which it was imposed.  *Id.*; *See also In

re Gedeon* 31 B.R. 942 (Bankr. D. Colo. 1983) ("The circumstances must be

looked at to determine the true nature [of the fine].") (citations omitted).

The Court looks to the April 1992 Order which describes at length

Plaintiff's conduct and the Court's reasons for sanctioning Plaintiff.  *See King,

supra*, case no. 91-26258.   The Court sanctioned Plaintiff under Rule 11 for

conducting frivolous litigation and for bringing litigation for the purpose of

harassment.  *Id.* at 2, 20.  Rule 11 (b) provides that, upon presentation to the

Court, a party certifies that its pleading, motion, or other filing:

---

sanction – should Plaintiff ever pay it – would be deposited into the Crime Victims Fund, there is
no question that the fine is "payable to" the Clerk of the Court.  Since the Clerk of the Court would
receive the payment in his/her official capacity as a representative of the Court, the fine is
payable to a governmental unit.  Furthermore, even if the entire fine was paid and deposited into
the Crime Victims Fund, fines assessed from the State's interest in rehabilitation and punishment
and/or from a court's interest in upholding the dignity of the court are "for the benefit of" a
governmental unit.  *See Kelly, supra*, 479 U.S. at 53; *see also* pages 12-17, *infra.*

7

(1)     is not being presented for any improper
purpose, such as to harass or to cause unnecessary
delay or needless increase in the cost of litigation;
(2)     the claims, defenses, and other legal
contentions therein are warranted by existing law or
by a nonfrivolous argument for the extension,
modification, or reversal of existing law or the
establishment of new law;
(3)     the allegations and other factual contentions
have evidentiary support or, if specifically so
identified, are likely to have evidentiary support after a
reasonable opportunity for further investigation or
discovery; and
(4)     the denials of factual contentions are
warranted on the evidence or, if specifically so
identified, are reasonably based on a lack of
information or belief.

Rule 11 (b).  Rule 11 (c) provides that if the Court determines that Rule 11 (b)

has been violated, the Court may impose sanctions on the violating party that

"shall be limited to what is sufficient to deter repetition of such conduct or

comparable conduct by others similarly situated."  Rule 11 (c), (c)(2).  Thus, in its

April 1992 Order, the Court was obligated under Rule 11 to sanction Plaintiff with

the limited goal of deterring him from committing future violations.

The Court makes clear that the sanctions are to deter Plaintiff from filing

frivolous and harassing litigation.  The April 1992 Order states that the Court

sanctioned Plaintiff for "harass[ing] and victimiz[ing]" many individuals "by forcing

them to continually appear in court and defend themselves against meritless

claims." *King, supra*, case no. 91-26258 at 21.  The "vast majority, if not all" of

Plaintiff's cases were frivolous.  *Id.* at 20.  Plaintiff was "fabricat[ing] claims he

cannot possible substantiate," "giving untruthful earnings figures in his affidavits,"

and "disrupting the entire courthouse." *Id.* at 21, 22-23, 27.  As a result of

Plaintiff's conduct, there were "severe consequences" for both civil and criminal divisions of the Court. *Id.* at 21.

The April 1992 Order shows careful consideration in choosing the $3,000 sanction to deter Plaintiff's abuse of the judicial system and harassment of the public. "In fashioning a sanction, the Court seeks to prevent Mr. Sindram from any further unwarranted harassment of individuals in the population at large, and abuse of the procedures and personnel of the District of Columbia Superior Court." *Id.* at 26. The Court further stated that fashioning the sanctions for Plaintiff was "a difficult task in light of the fact that Mr. Sindram has been sanctioned before in this court with no apparent effect . . ." *Id.* Indeed, at the time of the April 1992 Order, Plaintiff had also exhausted the patience of the Supreme Court of the United States, which had directed its Clerk to reject all petitions for an extraordinary writ filed by Plaintiff without the docketing fee. *See In re Michael Sindram*, 498 U.S. 177, 180 (1991).[8] Here, the Court's $3,000 sanction was a choice made by balancing "Mr. Sindram's right to access to the court against the serious damage he has already done and no doubt would continue to do if his actions are permitted to continue without restriction." *King,* No. 91-26258 at 26.

Nowhere in the April 1992 Order does the Court state that the $3,000 sanction is compensatory. To the contrary, the Court's goal was a sanction that

---

[8]  The Court closely followed the Supreme Court in its reasoning for sanctioning Plaintiff and in its choice of sanction. The Supreme Court held that because Plaintiff's filings were "frivolous and abusive," it was "appropriate to deny *in forma pauperis* status to petitioner in this and all future petitions for extraordinary relief." *In re Michael Sindram*, 498 U.S. at 179, 180. Although the Supreme Court did not impose a monetary fine on Plaintiff, its requirement that Plaintiff pay a docketing fee in all future cases served as a basis for this Court's denial of *in forma pauperis* status to Plaintiff in all future cases. *See id.*; *King,* No. 91-26258 at 27.

"would be most effective [at deterring Plaintiff's abusive conduct] and at the same time just." *Id.* at 25; *see Kelly*, *supra*, 479 U.S. at 52. According to the April 1992 Order, therefore, the Court's goals in imposing the $3,000 sanction and the circumstances under which it was imposed make it clear that the sanction arose out of the Court's interests in rehabilitation and punishment. The $3,000 sanction is thus penal, and not compensatory, and is nondischargeable under 11 U.S.C. § 523 (a)(7). *See id.*

D.    Dischar
geability of Court-Imposed Fines in Other Jurisdictions

The April 1992 Order clearly identifies the Court's goals in imposing the $3,000 sanction and the circumstances under which the sanction was imposed. The Court, however, looks to how other jurisdictions have determined the character of a fine imposed for a party's failure to obey court orders and procedures.

1.    Sanctions Under Fed. R. Civ. P. 11

Sanctions under Fed. R. Civ. P. 11 that are payable to and for the benefit of a governmental unit are nondischargeable under 11 U.S.C. § 523 (a)(7). *See In re Wood*, 167 B.R. 83, 87 (Bankr. W.D. Tex. 1994), *aff'd* 58 F.3d 637 (5th Cir. 1995). The District of Columbia Court of Appeals has stated that "[b]ecause the Superior Court rule is virtually identical to Fed. R. Civ. P. 11. . . we may consider federal cases interpreting the federal rule as 'persuasive authority in interpreting [the local rule].'"[9] *Stansel v. American Sec. Bank*, 547 A.2d 990, 996 n.8 (D.C. 1988) (quoting *Vale Prop., Inc. v. Canterbury Tales, Inc.*, 471 A.2d 11, 13 n.3

---

[9]    Today, Rule 11 and Fed. R. Civ. P. 11 are identical except for stylistic differences. *See* Rule 11; Fed. R. Civ. P. 11. Accordingly, we look to federal cases interpreting Fed. R. Civ. P. 11 as persuasive authority.

(D.C. 1981)).  As noted, Plaintiff was sanctioned pursuant to Rule 11.  *King,* No. 91-26258 at 27.

The debtor in *Wood* had been sanctioned under Fed. R. Civ. P. 11 for filing frivolous lawsuits.  *Wood*, 167 B.R. 83, 83-84.  Because the sanctions were payable to a private attorney as compensation for the attorney's fees in defending those frivolous lawsuits, however, the federal bankruptcy court held the debt to be dischargeable.  *Id.* at 88-89.  Still, the federal bankruptcy court stated that the "central purpose [of Fed. R. Civ. P. 11] is to deter frivolous lawsuits" and that "one of the purposes for which the sanction was awarded was to uphold the dignity of the legal process in federal court as well as the court itself."  *Id.*  It was only because the sanctions failed the test of being "payable to and for the benefit of a governmental unit" that 11 U.S.C. § 523 (a)(7) did not apply.  *Id.* at 88-89.  Thus, under *Wood*, Fed. R. Civ. P. 11 sanctions that are payable to a governmental unit and do not reimburse a private individual's attorney's fees would be nondischargeable under 11 U.S.C. § 523 (a)(7).

Applying *Wood* to this case, it is clear that the $3,000 sanction against Plaintiff is to deter frivolous lawsuits and to uphold the dignity of the Court.  *See King,* No. 91-26258 at 21-27.  Accordingly, because the sanction is payable to a governmental unit, the $3,000 sanction would be nondischargeable under 11 U.S.C. § 523 (a)(7).

2.      Sanctions to Deter Conduct

State and bankruptcy courts have varying approaches in determining dischargeability under 11 U.S.C. § 523 (a)(7).  At least one court has found

sanctions imposed pursuant to its rules of civil procedure to be *per se* nondischargeable under 11 U.S.C. § 523 (a)(7). *See In re McIntyre*, 96 B.R. 70, 71 (Bankr. S.D. Miss. 1989) ("Can a Rule 9011 sanction [which corresponds to a Fed. R. Civ. P. 11 sanction] be discharged [because 11 U.S.C. § 523 (a)(7) does not apply]? This Court must answer that question with a resounding 'NO'! To allow the offending party to discharge a Rule 9011 sanction would totally defeat, destroy, and emasculate its purpose.").

Other courts have held that court-imposed sanctions are nondischargeable under 11 U.S.C. § 523 (a)(7) where they were imposed with the intent to deter future misconduct. *See In re Taite*, No. LA 85-09892-LF, 1987 Bankr. LEXIS 2447 at *10 (Bankr. C.D. Cal. June 3, 1987); *NLRB v. Fogerty (In re Fogerty),* 204 B.R. 956, 962 (Bankr. N.D. Ill. 1996). In *Taite*, the debtors sought discharge of three debts: (1) $10,000 in sanctions for filing a frivolous appeal imposed by the California Court of Appeals under its rules of civil procedure; (2) $750,000 in civil penalties by judgment of a California trial court; and (3) $256,654 in restitution payments by judgment of a California trial court. *In re Taite*, *supra*, 1987 Bankr. LEXIS 2447 at *11. The sanctions and penalties were paid to governmental units. *Id.* The federal bankruptcy court determined that the $10,000 in sanctions were nondischargeable under 11 U.S.C. § 523 (a)(7) because they were awarded to "discourage the Debtors and others from similar conduct in the future." *Id.* at *30. The federal bankruptcy court further held that the civil penalties were nondischargeable under 11 U.S.C. § 523 (a)(7)

12

because the "civil penalties imposed against the defendant are intended to be punitive." *Id.* at *13.[10]

In *NLRB v. Fogerty*, a federal bankruptcy court determined that a $50,000 fine for contempt of court, which was levied for non-compliance with court orders, was nondischargeable under 11 U.S.C. § 523 (a)(7).   204 B.R. at 962.   The Seventh Circuit had fined the debtor $50,000 for contempt of court and ordered the debtor to pay attorney's fees to the other party. *Id.* Both fees and fine were owed to a governmental unit. *Id.* The bankruptcy court held that the attorney's fees were compensatory and, therefore, dischargeable. *Id.* Because the Seventh Circuit imposed the $50,000 fine "to assure against further refusals to comply with the Court's Judgment and this Contempt Adjudication," however, it was "penal in nature" and therefore nondischargeable under U.S.C. § 523 (a)(7). *Id.*

Here, the $3,000 sanction was to "prevent [Plaintiff] from any further unwarranted harassment of individuals in the population at large, and abuse of the procedures and personnel of [the Court]." *King*, No. 91-26258 at 26.   The Court's $3,000 sanction was also to assure against future refusals to comply with the Court's judgments and orders, as Plaintiff had done in previous cases. *King*, No. 91-26258 at 25.   Applying the approach taken by the *Taite* and *Fogerty* courts, the $3,000 sanction against Plaintiff would be nondischargeable under U.S.C. § 523 (a)(7) because it was imposed to deter future misconduct. *See In*

---

[10] The federal bankruptcy court in that case declined, however, to find the $256,654 in restitution payments nondischargeable under 11 U.S.C. § 523 (a)(7) because the restitution is "*primarily* intended to compensate victims for their losses."   *Taite*, *supra*, 1987 Bankr. LEXIS 2447 at *25 (emphasis in the original).

*re Taite*, *supra*, 1987 Bankr. LEXIS 2447 at *30; *In re Fogerty, supra*, 204 B.R. at

962.

        3.      Sanctions to Uphold the Dignity of the Court

      Some jurisdictions have held sanctions to be nondischargeable under 11

U.S.C. § 523 (a)(7) where such sanctions are imposed to "uphold the dignity of

the court." *See In re Marini*, 28 B.R. 262, 265 (Bankr. E.D.N.Y. 1983).  These

sanctions are nondischargeable regardless of the payee. *Id.*

      The debtor in *Marini* was fined $2,000 in state court for violating a

temporary restraining order.  *Id.* at 263.  The state court had ordered a stipulation

in which the parties would settle their claims for a payment by the debtor-violator

of a sum of money, including the $2,000 fine, to the victim.  *Id.*  Although the

$2,000 fine was payable to the victim, the federal bankruptcy court held that the

sanction was nondischargeable under 11 U.S.C. § 523 (a)(7) because it "can

only be labeled as a measure to punish the defendant for disobeying the court

ordered injunction" and was "imposed to uphold the dignity of the court."  *Id.* at

265.[11]  Thus, under *Marini*, a fine is not compensation for actual pecuniary loss

where it is imposed to uphold the dignity of the court. *Id.* at 265-266.[12]

      Other courts have followed *Marini*'s approach in determining the

dischargeability of a court fine. *See In re Gedeon*, 31 B.R. 942 (Bankr. D. Colo.

1983); *In re Winn*, 92 B.R. 938 (Bankr. M.D. Fla. 1988).  In *Gedeon*, a state court

---

[11]   The bankruptcy court, in determining that the $2,000 fine was nondischargeable, pointed to evidence that distinguished the fine from the money used to settle the claims, *i.e.*, the $2,000 was labeled as a fine in the settlement agreement and was called a fine by the court. *See In re Manini*, 28. B.R. at 263.
[12]   In determining whether the fine is to uphold the dignity of the court, the court in *Manini* looked at the "totality of the record."  *Id.* at 265.

had imposed a civil fine of $500 per day on the debtor for every day the debtor failed to comply with the court's order to turn over custody of his children to his ex-wife. *In re Gedeon*, *supra*, 31 B.R. at 946. The state court then imposed a second fine of $75,000 on the debtor for failure to make additional payments that included attorney's fees. *Id.* Both fines were payable to the ex-wife. *Id.* Citing to *Marini*, the federal bankruptcy court found the $500 daily fine nondischargeable under 11 U.S.C. § 523 (a)(7). *Id.* The court reasoned that because the fine was meant to coerce a defendant to obey a court order, "[which] would seem to be imposed to uphold the dignity of the court, even though the fine is payable to a plaintiff." *Id.*

Like the debtor in *Gedeon*, the debtor in *Winn* was fined $500 per day for failing to obey a state court order to turn over equipment and make payments to another party. *In re Winn*, *supra*, 92 B.R. at 939. Following *Gedeon*, the federal bankruptcy court in *Winn* stated that because the fine was imposed "as a penalty to vindicate the dignity and authority of the court," the fine was nondischargeable under 11 U.S.C. 523 (a)(7). *Id.* at 939-40.

The Court is aware of only one court which followed the *Marini* court's approach yet discharged a debt imposed to uphold the dignity of the court. *See In re Corbly*, 61 B.R. 851 (Bankr. D.S.D. 1986), *rev'd on reconsideration*, *In re Corbly* 149 B.R. 125, 127-28 (Bankr. D.S.D. 1992). The *Corbly* court originally held that a $3,000 court-imposed fine was nondischargeable under 11 U.S.C. 523 (a)(7) because it "was imposed to uphold the dignity of the state court." *In re Corbly*, *supra*, 61 B.R. at 857. Six years later, the *Corbly* court reversed itself to

15

find the debt dischargeable, but only because the debt was more than three

years old. *In re Corbly* 149 B.R. at 127-28.

The *Corbly* court's reasoning for reversal, however, is premised on an

interpretation of 11 U.S.C. § 523 (a)(7) that is without support or supporters.

Section 523 (a)(7) provides, in whole, that a debt is nondischargeable:

> to the extent such debt is for a fine, penalty, or forfeiture
> payable to and for the benefit of a governmental unit,
> and is not compensation for actual pecuniary loss, other
> than a tax penalty--
> (A) relating to a tax of a kind not specified in
> paragraph (1) of this subsection; or
> (B) imposed with respect to a transaction or event
> that occurred before three years before the date of the
> filing of the petition;

11 U.S.C. § 523 (a)(7). The debtor in *Corbly*, in a motion for reconsideration,

argued that subsection (B) of 11 U.S.C. § 523 (a)(7) should be interpreted to

mean that all debts imposed with respect to a transaction or event that occurred

three years before a debtor's petition for discharge are dischargeable. *In re*

*Corbly*, *supra*, 149 B.R. at 126. Reversing its order from six years previous, the

*Corbly* court agreed with the debtor and interpreted subsection (B) to apply to all

debts rather than only to tax penalties. *Id.* at 127. Because the $3,000 sanction

had been imposed more than three years before the debtor's petition for

discharge, the *Corbly* court discharged the $3,000 debt. *Id.*

No court, however, has followed the *Corbly* court's reasoning on

reconsideration. *See In re Jimmo*, 204 B.R. 655, 658 (Bankr. D. Conn. 1997)

("*Corbly* apparently stands alone, as all other courts which have published rulings

on this issue have found that § 523 (a)(7)(B) applies only to tax fines, penalties

and forfeitures."). Other courts, meanwhile, have cited approvingly to the *Corbly* court's reasoning in its original decision finding the $3,000 nondischargeable or have disagreed with or ignored the reasoning in the court's reversal. *See, e.g., id.*; *see also In re Wood*, *supra*, 167 B.R. at 88; *In re Bundick* 303 B.R. 90, 112 (Bankr. E.D. Va. 2003); *In re Kraft*, 197 B.R. 660, 664 (Bankr. W.D. Mo. 1996).

The Court is persuaded by the *Corbly* court's reasoning in its original decision. The plain meaning of the statute clearly provides that subsection (B)'s three-year limit applies only to tax penalties. *See United States v. Ron Pair Enters, Inc.*, 489 U.S. 235, 241 (1989) (holding that courts must look to the plain meaning of the bankruptcy statute). Accordingly, in applying the *Marini* court's approach to this case, the Court does not consider when the $3,000 sanction was imposed against Plaintiff.

In this case, the Court's $3,000 sanction against Plaintiff was imposed so that "[Plaintiff's] abuse and harassment of the public through the filing of civil lawsuits will be restricted." *King*, No. 91-26258 at 2. The April 1992 Order described a case prosecuted by Plaintiff that "exemplifie[d] how parties can be worn down by multiple motions and court appearances in a small claims system that is abused by a chronic litigant." *Id.* at 13. Moreover, previous attempts to sanction Plaintiff and limit Plaintiff's frivolous filings had had little effect. *Id.* at 25. It is clear, then, that the Court imposed the $3,000 sanction to uphold the dignity of the courts. Accordingly, under the *Marini* approach, the Court's $3,000 sanction against Plaintiff would be nondischargeable under 11 U.S.C. 523 (a)(7). *See In re Marini*, *supra*, 28. B.R. at 265.

17

4.     Sanctions for Attorney Misconduct

Finally, courts have held that sanctions for attorney misconduct are nondischargeable under 11 U.S.C. § 523 (a)(7) because their purpose is to deter future bad behavior and because the governmental unit payee does not depend on the monetary sanctions.  *See In re Williams*, 158 B.R. 488 (Bankr. D. Id. 1993); *see also In re Richmond*, 351 B.R. 6 (Bankr. D. N.H. 2006).

In *Williams*, the Idaho Supreme Court sanctioned an attorney debtor and ordered him to pay $10,516.17 to the Idaho State Bar for the costs of conducting disciplinary proceedings against him.  The federal bankruptcy court held that the award was not compensatory because "the bar does not depend upon such reimbursement awards in disciplinary actions for its financial vitality."  *Williams*, *supra*, 158 B.R. at 491.    Accordingly, under *Williams*, the purpose of the sanctions and the financial independence of the governmental unit determines whether the sanction is nondischargeable under 11 U.S.C. § 523 (a)(7).

The court in *Richmond* followed the logic of the *Williams* court.    In *Richmond*, an attorney debtor owed sanctions equal to the costs of investigating his professional wrongdoing to the New Hampshire Supreme Court Professional Conduct Committee (the "Committee").  *Richmond*, 351 B.R. at 8.  Although the costs were measured by the expenses incurred by the Committee, the court held that the costs were "not an actual pecuniary loss to the state" because the Committee was carrying out its governmental function when it investigated the attorney debtor.  *Id.* at 13.    Furthermore, the bankruptcy court explained that, rather than being compensatory:

> the imposition of costs is intended to further the
> primary purposes of the disciplinary system: to deter
> future misconduct and to convey to the public the
> message that the practice of law in New Hampshire is
> closely scrutinized so as to maintain public confidence
> in the bar and preserve the integrity of the legal
> profession.

*Id.* at 14.  Noting that "strong public policy reasons" exist for not discharging the

debt, the federal bankruptcy court found the debt to be nondischargeable under

11 U.S.C. § 523 (a)(7).  *Id.*

Plaintiff is not and has never been an attorney, nor has the District of

Columbia Bar ever investigated Plaintiff's conduct.  The *Williams* and *Richmond*

decisions, however, reinforce the principle that a court's purpose in imposing a

fine is highly determinative of its character.[13]  Fines for misconduct in the judicial

process are imposed "to deter future misconduct" and to restore the integrity of

the judicial system.  *Id.*  Accordingly, such fines are not compensatory, and,

therefore, are nondischargeable under 11 U.S.C. § 523 (a)(7).

III.    "Law of the Case"

Plaintiff argues that the "[l]aw of the case" is the Honorable Bruce S.

Mencher's September 23, 2008 Order in *Sindram v. Jamison Condominium*

*Assoc.*, *supra*, staying Plaintiff's motion for a temporary restraining order pending

resolution of Plaintiff's bankruptcy.  (Pl.'s Mot. 2.)  This argument has no merit.

Not only is *Jamison Condominium Assoc.* a separate case but the Court (the

Honorable Anita Josey-Herring presiding) dismissed *Jamison Condominium*

---

[13]  *Williams* and *Richmond* also look to the financial independence of the governmental unit.  The Court does not depend on monetary sanctions imposed pursuant to Rule 11 for its financial viability.  See pages 6-7, note 7, *infra*, for an explanation of where fines payable to the Clerk of the Court are deposited.

19

*Assoc.* for Plaintiff's failure to comply with the Court's April 1992 Order.  *See Sindram v. Jamison Condominium Assoc.*, *supra*, No. 08-6673B.

## CONCLUSION

The $3,000 sanction is a fine and is payable to and for the benefit of a governmental unit within the meaning of 11 U.S.C. § 523 (a)(7).  *See Kelly*, *supra*, 479 U.S. at 51.  The Superior Court imposed a $3,000 sanction against Plaintiff under Rule 11 for Plaintiff's abuse of court procedure and personnel and harassment of the public.  *King*, No. 91-26258 at 26.  As required by Rule 11, the Superior Court imposed the $3,000 sanction with the limited goal of deterring Plaintiff from future frivolous litigation and harassment of the public.   While federal, bankruptcy, and state courts do not follow a single approach to the dischargeability of court-imposed fines, all courts converge in finding that fines imposed for violations of court orders and procedures are not compensation for pecuniary loss within the meaning of 11 U.S.C. § 523 (a)(7).  *See, e.g., Wood*, *supra*, 167 B.R. 83, 87; *see also Taite*, *supra*, 1987 Bankr. LEXIS 2447 at *13, *Marini*, *supra*, 28 B.R. at 265.  Therefore, the $3,000 sanction imposed by the Superior Court in its April 1992 Order is a debt that is nondischargeable under 11 U.S.C. § 523 (a)(7).

Accordingly, it is on this 1st day of June, 2009, hereby

20

**ORDERED** that Plaintiff's $3,000 sanction is held nondischargeable under 11 U.S.C. § 523 (a)(7).  It is

**FURTHER ORDERED** that, because Plaintiff's $3,000 debt is nondischargeable, Plaintiff's Motion for Compliance with Discharge of Debtor is **DENIED**.

*Stephanie Duncan-Peters*

_____
**Stephanie Duncan-Peters**
**Associate Judge**
**(Signed in Chambers)**

**Copies mailed to:**

Michael Sindram
6645 Georgia Ave., N.W. #306
Washington, D.C. 20012

Margo Thorne
6817 Georgia Ave NW #203
Washington, D.C. 20012

Vincent Thorne
6817 Georgia Ave NW #203
Washington, D.C. 20012

**Copies e-served on:**

Duane B. Delaney
Clerk of the Court

Derrick Monroe,
Branch Chief, Civil Actions Branch

Natalie Byrd
Court Clerk, Judge-in-Chambers