The document below is hereby signed.

Signed: January 20, 2010.



_S. Martin Teel, Jr._
_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MICHAEL JOSEPH SINDRAM, | ) | Case No. 09-10036 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| MICHAEL JOSEPH SINDRAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 09-10036 |
| SUPERIOR COURT, DISTRICT OF | ) | |
| COLUMBIA, | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |
| Defendant. | ) | |

MEMORANDUM DECISION

The debtor Sindram's complaint in this adversary proceeding against the Superior Court for the District of Columbia attacks an order of April 28, 1992, entered by that court. As explained in a December 31, 2009 memorandum decision and order of this court (Dkt. No. 6), the debtor's complaint raises many of the same issues that were addressed by motions that Sindram previously filed in the main bankruptcy case, Case No. 08-00559. As further explained by that memorandum decision and order, this

court remains convinced that the Superior Court has not violated the Bankruptcy Code by enforcing the April 28, 1992 order's injunction against Sindram's proceeding *pro se* unless and until he paid a $3,000.00 penalty payable to the Superior Court.  On that basis, the court's memorandum decision and order directed the clerk not to issue a summons in this adversary proceeding, and likewise directed Sindram to file a memorandum showing cause why this adversary proceeding ought not be dismissed based upon the analysis set forth in the court's memorandum decision and order.  The debtor has filed a response that fails to raise any meritorious arguments as to why this adversary proceeding ought not be dismissed (Dkt. No. 8), and the court shall dismiss this proceeding accordingly.

The court observes that the debtor's response states that "Should the Court continue to frustrate and obstruct justice, Notice of Appeal [is] hereby given by Michael Joseph Sindram ('Disabled Veteran/Debtor/Plaintiff') hereby appeals . . . ." This statement is ineffective and does not constitute a notice of appeal as no order of dismissal was in place when the debtor filed this statement.  Any notice of appeal must be filed only after the court has finally ruled, and any notice of appeal must be in a document separate from any memorandum the debtor files in the adversary proceeding.  Accordingly, the court will direct the clerk to treat that statement as not constituting a notice of

appeal from any order that existed at the time of the filing of the response.

    An order to follow.

                                          [Signed and dated above.]

Copies to: All counsel and parties of record; Office of United States Trustee.