The order below is hereby signed.

Signed: December 21, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                            )
                                 )
MICHAEL JOSEPH SINDRAM,          )   Case No. 08-00559
                                 )   (Chapter 7)
             Debtor.             )
_____  )
                                 )
MICHAEL JOSEPH SINDRAM,          )
                                 )
             Plaintiff,          )
                                 )
        v.                       )   Adversary Proceeding No.
                                 )   09-10036
SUPERIOR COURT, DISTRICT OF      )
COLUMBIA,                        )   Not for publication in
                                 )   West's Bankruptcy Reporter.
             Defendant.          )
```

MEMORANDUM DECISION AND ORDER DENYING
REQUEST TO PROCEED *IN FORMA PAUPERIS* WITH RESPECT
TO THE APPEAL (CIVIL ACTION NO. 10-01994 IN THE DISTRICT
COURT) OF ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*
WITH RESPECT TO THE APPEAL OF THE ORDER DENYING REQUEST
<u>TO TRANSMIT AN EARLIER APPEAL TO THE BANKRUPTCY APPELLATE PANEL</u>

For the reasons set forth below, the court will deny the Application to Proceed Without Prepayment of Fees (Dkt. No. 37) filed by the plaintiff Sindram regarding an appeal pending as Civil Action No. 10-01994 in the District Court.

I

In a notice of appeal (Dkt. No. 13) from this court's order of dismissal of this adversary proceeding, the plaintiff Sindram requested in a footnote that the appeal be sent to the Bankruptcy Appellate Panel. On June 28, 2010, this court entered an Order Addressing Request to Proceed before the Untied States Bankruptcy Appellate Panel for the District of Columbia (Dkt. No. 19), which denied that request. The plaintiff then filed a notice of appeal (Dkt. No. 21) from that order. That appeal was assigned Civil Action No. 10-01397 in the District Court.[1] Incident to that appeal, Sindram filed an Application to Proceed Without Prepayment of Fees (Dkt. No. 24) in this court. The court denied that motion by an order (Dkt. No. 29) entered on October 8, 2010. Sindram then filed a notice of appeal (Dkt. No. 34) from *that* order. That appeal was assigned Civil Action No. 10-01994 in the District Court. Sindram has filed an Application to Proceed Without Prepayment of Fees (Dkt. No. 37) with respect to that appeal.

II

As this court explained in the order denying Sindram's request to have the appeal transmitted to the bankruptcy appellate panel, no such panel exists in this circuit. The appeal from that order was plainly frivolous, and did not warrant

---

[1] On September 22, 2010, the Honorable Richard J. Leon signed an order dismissing that appeal. (See Dkt. No. 32 in this adversary proceeding.)

2

according Sindram *in forma pauperis* status.  Similarly, the appeal from the order denying such *in forma pauperis* status (the appeal with respect to which Sindram has filed the application to proceed *in forma pauperis* addressed by this decision) was plainly frivolous.

                                III

Moreover, the appeal from the order denying *in forma pauperis* status was unnecessary as an appellate court can decide by way of motion whether to accord an appellant *in forma pauperis* status once the trial court has denied *in forma pauperis* status. Under 28 U.S.C. § 1915(a), with exceptions of no relevance here, "any court of the United States may authorize the . . . prosecution . . . of any . . . appeal . . . without prepayment of fees or security therefor . . . ."  Accordingly, an appellate court, without the necessity of a separate appeal, is authorized to consider granting *in forma pauperis* status to an appellant in a pending appeal when a trial court has denied a request for *in forma pauperis* status.

This is true when an appeal is from the bankruptcy court to the district court, just as it is true when an appeal is from the district court to the court of appeals.  Appeals under 28 U.S.C. § 158(a) to the district court from the bankruptcy court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district

3

courts . . . ." When an appeal is taken from the district court to the court of appeals, and the district court denies an application to proceed *in forma pauperis*, the court of appeals can entertain a motion to permit the appellant to proceed *in forma pauperis*, and no separate appeal is required. *See* D.C. Cir. R. 24(a)(5); *Maloney v. E.I. du Pont de Nemours & Co.*, 396 F.2d 939, 940 (D.C. Cir. 1967) (per curiam), *cert. denied*, 396 U.S. 1030 (1970); *Waterman v. McMillan*, 135 F.2d 807, 808 (D.C. Cir. 1943), *cert. denied*, 322 U.S. (1944). It follows that in Civil Action No. 10-01397, upon this court's denying the application to proceed *in forma pauperis*, Sindram could have filed a motion in the district court for permission to proceed *in forma pauperis*.

IV

For the foregoing reasons, I certify that the appeal (Dkt. No. 34) from this court's order (Dkt. No. 29) entered on October 8, 2010 (pending as Civil Action No. 10-01994 in the District Court) is frivolous and is not being prosecuted in good faith, and it is therefore

ORDERED that the Application to Proceed Without Prepayment of Fees (Dkt. No. 37) is DENIED. It is further

ORDERED that the clerk shall transmit a copy of this order to the district court judge assigned Civil Action No. 10-01994.

[Signed and dated above.]

Copies to: All counsel and parties of record; Office of United States Trustee.