The document below is hereby signed.

Signed: February 24, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                                  )
                                       )
MICHAEL JOSEPH SINDRAM,                )    Case No. 08-00559
                                       )    (Chapter 7)
            Debtor.                    )
_____        )
                                       )
MICHAEL JOSEPH SINDRAM,                )
                                       )
            Plaintiff,                 )
                                       )
     v.                                )    Adversary Proceeding No.
                                       )    09-10036
SUPERIOR COURT, DISTRICT OF            )
COLUMBIA,                              )    Not for Publication in
                                       )    West's Bankruptcy Reporter.
            Defendant.                 )

MEMORANDUM DECISION AND ORDER DENYING
<u>PLAINTIFF'S MOTION FOR CLARIFICATION AND MODIFICATION OF ORDER</u>

The plaintiff has filed with the court a document entitled Motion for Clarification and Modification of Order, addressing this court's order of February 10, 2011. That order addressed Sindram's filing entitled "Pending and Unacted Upon Judgement No. 10-2073 Decided December 22, 2010 by United States Court of Appeals Requiring Opportunity To Be Heard" (Dkt. No. 51), wherein he moved the court to reconsider and grant his Application to

Proceed without Prepayment of Fees (Dkt. No. 47) based on an opinion from the Fourth Circuit Court of Appeals both granting Sindram's request to proceed in forma pauperis and vacating an order of the United States District Court for the Eastern District of Virgnia barring Sindram from filing in that court.

The Fourth Circuit granted Sindram's application to proceed in forma pauperis because it found that his appeal from the Eastern District of Virginia judgment had merit.  Sindram's appeals here are to the United States District Court for the District of Columbia and from orders of this court.  If the United States District Court for the District of Columbia (as the appellate court in the case of appeals from my orders) determines that Sindram's appeals have merit, it similarly can on that basis order that Sindram be allowed to proceed in forma pauperis.

Sindram continues to assert that this court erred in dismissing his complaint and then in denying his motion for leave to proceed in forma pauperis because this court disregarded "well settled law," namely, *In re Corbly*, 149 B.R. 125 (Bankr. S.D. 1992).  If that long-discredited decision furnishes a basis for finding that Sindram's appeals ought to be allowed to proceed in forma pauperis, Sindram should raise that point with the District Court.  I remain convinced that *In re Corbly* has been completely discredited by subsequent decisions such that the appeal is frivolous and such that it cannot furnish a basis for finding

2

that the appeal is being pursued in good faith such as to allow Sindram to proceed in forma pauperis.

Sindram's notices of appeal might meet the standard of Fed. R. Bankr. P. 9011 based on the existence of *In re Corbly*, 149 B.R. 125 (Bankr. S.D. 1992), and thus bar the imposition of sanctions against him for having filed the notices of appeal, because Rule 9011 permits reliance on minority opinions. *See Burns v. George Basilikas Trust*, 599 F.3d 673, 676 (D.C. Cir. 2010). But the question is not whether Sindram should have sanctions imposed against him under Fed. R. Bankr. P. 9011, but instead whether he should be allowed a free appeal at taxpayer expense when the only authority he relies upon has overwhelmingly been demonstrated to be erroneous. Because *In re Corbly* has been rejected by all subsequent decisions and convincingly demonstrated to be unsound in its reasoning, any pursuit of an appeal based on *In re Corbly* is plainly frivolous, and Sindram ought not be allowed to pursue his appeals for free at taxpayer expense. Sindram, however, can attempt to convince the District Court to the contrary.

The Fourth Circuit's decision addresses none of the issues that led to the orders I have issued in this case. Sindram maintains that this court's orders deny him notice and opportunity to be heard (the basis upon which the Fourth Circuit reversed the District Court). This court, however, has heard

Sindram's position, and upon finding his reliance on *In re Corbly* to be insufficient to defeat dismissal of this proceeding, dismissed this proceeding.  To the extent that Sindram maintains that this court is required to allow him to proceed in forma pauperis in order that he will have the opportunity to be heard on appeal, that disregards the requirement that his appeal be found to be non-frivolous before he can be allowed to appeal in forma pauperis.

    For all of these reasons, it is

    ORDERED that Sindram's Motion for Clarification and Modification of Order is DENIED.

                                                [Signed and dated above.]

Copies to: All counsel of record.